UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60863-CIV-SINHAL

Zemiao Chen
    *Plaintiff*,

 v.

The Individuals, Partnerships and
Unincorporated Associations Identified on
Schedule A,

    *Defendants*.
_____/

## PLAINTIFF'S MOTION TO SEAL CERTAIN DOCUMENTS CONTAINING IDENTIFYING INFORMATION ABOUT THE DEFENDANTS

Plaintiff, Zemiao Chen (or "Plaintiff"), by and through its undersigned counsel, hereby moves this Honorable Court for an order allowing Plaintiff to file under seal, in the future, certain documents containing identifying information about the Defendants, and as grounds therefore states as follows:

1. This is a patent infringement case.

2. There is good cause to seal the documents that are the subject of this Motion to Seal as set forth herein and the requirements of Local Rule 5.4 have been met.

3. Pursuant to S.D. Fla. L.R. 5.4(b)(1), Plaintiff moves this Court for an order sealing the following documents: (1) Schedule A to the Complaint, (2) Summons.

4. Here, good cause exists to keep the documents requested under seal from the public. Plaintiff has learned that Defendants are engaged in making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use unauthorized and unlicensed Infringing Products that infringe Plaintiff's U.S. Patent No. D1,019,124S ("the '124 Patent").

within this district, without authorization, through various Internet based e-commerce stores, and fully interactive, commercial Internet websites. Defendants' infringing activities are causing irreparable injury to Plaintiff and causing an overall degradation of the reputation and goodwill associated with Plaintiff's intellectual property.

5. Moreover, these Defendants' e-commerce stores are primarily operated by foreign Chinese sellers. Counterfeiting and infringement lawsuits, such as the present case, are closely monitored by Chinese defendants on websites like www.sellerdefense.cn, as well as on social media platforms like QQ, WeChat, and elsewhere on the internet. Counterfeiters and infringers quickly identify cases handled by undersigned counsel, prompting them to rapidly deplete their marketplace accounts, empty their money transfer accounts, change their usernames, and conceal their identities in an attempt to avoid detection. See, *e.g.,* "AUQ trademark, Represented by Palmer Law Group, P.A" citing S.D. Fla. case No. 24-cv-60533 (Roodney Smith) filed by undersigned counsel, accessible at https://sellerdefense.cn/auq/.

6. The website www.sellerdefense.cn, along with others, specifically alerts infringers about product types, brands, law firms filing cases, and other pertinent information that enables defendants, such as those named in this case, to evade the plaintiff's anti-piracy and anti-counterfeiting measures and conceal their illicit gains.

7. Temporarily sealing these portions of the court file will prevent Defendants from prematurely receiving notice of Plaintiff's investigation into the operation of their illegal businesses. Given the illicit nature of the infringing business and the ability of infringers to effectively erase their evidentiary trails by conducting their operations solely over the Internet, Plaintiff has good reason to believe that providing advance notification of Plaintiff's claims would prompt Defendants to hide or transfer their illicit assets, inventory, and related records

4

beyond the jurisdiction of this Court. This action would thereby obstruct the Court's ability to grant meaningful relief. Accordingly, Plaintiff seeks *ex parte* relief in this matter.

8.  As Defendants engage in illegal counterfeiting and infringing activities, Plaintiff has no reason to believe Defendants will make their assets available for or will adhere to the authority of this Court any more than they have adhered to federal intellectual property laws.

9.  Plaintiff requests that the documents that are the subject of this Motion remain under seal until the Court has the opportunity to rule on Plaintiff's request for temporary *ex parte* relief and, if granted, the relief ordered therein has been effectuated. At that time, Plaintiff will move to unseal and will make all pleadings and orders filed in this matter available to Defendants.

WHEREFORE, Plaintiff Zemiao Chen respectfully prays that this Court enter an Order allowing Plaintiff to file Schedule A to the Complaint and Summons under seal.

| | |
|---|---|
| Date: May 24, 2024 | /s/ Andrew J. Palmer |
| | Andrew J. Palmer |
| | Palmer Law Group |
| | 5353 N. Federal Highway, Suite 402 |
| | Fort Lauderdale, FL 33065 |
| | 954-491-1997 (facsimile) |
| | ajpalmer@palmerlawgroup.com |
| | ***Attorney for Defendant*** |