UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:24-cv-60863-AHS

**Zemiao Chen**,
Plaintiff,
v.
**THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"**
Defendants.

_____/

## MOTION TO VACATE DEFAULT AND FILE A RESPONSE TO COMPLAINT

Defendant, QidouTrading, ("Defendant"), by and through the undersigned counsel, requests that this Court vacate the clerk's default entered on August 23, 2024 [DE 57] and states as follows:

### I. LEGAL STANDARD

In *Millennium Funding, Inc. v. 1701 Mgmt.*, 21-cv-20862-BLOOM/Otazo-Reyes, at *4 (S.D. Fla. Feb. 1, 2023), the court explained:

> Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts of a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a "strong policy of determining cases on their merits and we, therefore, view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In considering whether to set aside a clerk's entry of default, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951.

*Millennium Funding, Inc. v. 1701 Mgmt.*, 21-cv-20862-BLOOM/Otazo-Reyes, at *4 (S.D. Fla. Feb. 1, 2023). It continued to state:

> As stated above, to determine whether good cause exists to vacate a default, among other things, courts consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d 948, 951.

*Id.*, at *5. Also,

> Mere delay in litigation, especially in the early stages of a case (prior to entry of a scheduling order of commencement of discovery), does not constitute prejudice to Plaintiff for purposes of considering a motion to vacate default.

*Id.,* at *7 (S.D. Fla. Feb. 1, 2023).

## II. MEMORANDUM OF LAWS AND ARGUMENT

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts of a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a "strong policy of determining cases on their merits and we, therefore, view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

**A. Whether Default Culpable or Willful.**

"[A] 'party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings.'" *S.E.C. v. Johnson*, 436 Fed.Appx. 939, 945 (11th Cir. 2011) (quoting *Compania Interamericana*, 88 F.3d at 951). By contrast, a brief delay resulting from, as examples, inadvertence or mistake, or confused litigation or case management strategy, will not vitiate good cause. *See, e.g., Lopez v. Colonial Grp. of Am. Corp.*, No. 12-22208-Civ., 2013 WL 1503260, at *2 (S.D. Fla. Apr. 12, 2013) (determining that delay was neither willful nor culpable where defendant moved to vacate sixteen days after entry due to mistaken litigation strategy); *S.E.C. v. Altomare*, No. 14-61196-CIV, 2014 WL 4388614, at *2 (S.D. Fla. Sept. 5, 2014)

In the instant case, Defendant exercised due diligence in searching and hiring an attorney eligible to litigate before this Court once it learned the entry of the default. *See* Corporate Representative Yuhang Zhou's Decl., p. 1, ¶ 1. ("Zhou's Decl."). Defendant was in active negotiation with the Plaintiff. *Id*., ¶ 2. Plaintiff did not respond to the offer. *Id*., ¶ 3. Plaintiff did not turn down the offer. *Id*., ¶ 4. Defendant believed that the negotiation was part of the court proceeding. *Id*., ¶ 3. Defendant did not know it was included in the request of default of list because Defendant assumed that Plaintiff would have informed it so before it was requested. *Id*., ¶ 4. Thus, the delay was due to its inadvertence or mistake.

**B. Prejudice to Plaintiff.**

The default was entered on August 23, 2024. "Mere delay in litigation, especially in the early stages of a case (prior to entry of a scheduling order of commencement of discovery), does not constitute prejudice to Plaintiff for purposes of considering a motion to vacate default." *Millennium Funding, Inc. v. 1701 Mgmt.*, 21-cv-20862-BLOOM/Otazo-Reyes, at *7 (S.D. Fla. Feb. 1, 2023), citing *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357

(11th Cir. 2009) ("But the inquiry is whether prejudice results from the delay, not from having to continue to litigate the case."); S*untrust Bank v. Armsey*, No. 09-80606-CIV, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010) ("Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties.") (quoting Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir. 2006)).

In the instant case, the default was entered four days ago and it is still in the early phase of the litigation. Thus, no prejudice will be caused to Plaintiff.

**C. Meritorious Defense**

"[W]ith respect to a meritorious defense, '[l]ikelihood of success is not the measure;' [i]nstead, the movant need only provide 'a hint of a suggestion' that her case has merit." *Millennium Funding, Inc. v. 1701 Mgmt.*, 21-cv-20862-BLOOM/Otazo-Reyes, at *8 (S.D. Fla. Feb. 1, 2023), quoting *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980); *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)).

In the instant case, The allegedly patented products of Plaintiff were on public sales more than one year prior to the application of the patents at issue. US Patent No. D1,019,124 S ("'124 Patent" hereafter) is invalid as it is barred by on-sale more than one year prior to the application date of the '124 Patent. The application date of '124 Patent is Jul. 7, 2021. For example, Tenrai an Amazon store, sold the same product on Amazon in 2019. *See* Tenrai Product, https://www.ama-

zon.com/Tenrai-Zippered-Prevents-Capacity-Pressure/dp/ B07V2QKH6W, last visited August 6, 2024. There are a few other prior arts prior arts, such as Frienda Bag marketed as a Kids Beach Bag that was sold on April 9, 2021; a Seashell Bag for boys and girls sold on February 28, 2020; and a Beach Shell Bag sold by Muyizi since at least April 20, 2021, as pointed out other defendants in the instant case.

Secondly, '124 Patent is invalid due to lack of novelty because there are a few other prior arts, such as Frienda Bag marketed as a Kids Beach Bag that was sold on April 9, 2021; a Seashell Bag for boys and girls sold on February 28, 2020; and a Beach Shell Bag sold by Muyizi since at least April 20, 2021, which are almost identical, or similar to the design of '124 Patent. There are no new patentable claims or the change/modification was obvious to persons with ordinary skills added to '124 Patent. Thus, it should not be enforceable for lack of novelty.

Thirdly, Plaintiff alleged that Defendant knowingly or willfully infringed the '124 Patent. *See* the Complaint, ECF No. 1, p. 5, ¶ 19. In fact, Defendant did not knowingly and willingly infringe '124 Patent. *See* Zhou's Decl., p. 1, ¶ 5. Defendant obtained the picture online, which was popular on all online stores. *Id.,* ¶ 6. Thus, [l]ikelihood of success is not the measure;' [i]nstead, the movant need only provide 'a hint of a suggestion' that her case has merit." *Millennium Funding, Inc. v. 1701 Mgmt.*, 21-cv-20862-BLOOM/Otazo-Reyes, at *8. Here, Defendant at least shows a hint of a suggestion that its case has merit.

**WHEREFORE**, Defendants, QidouTrading, by and through the undersigned counsel, requests that this Court vacate the clerk's default entered on August 23, 2024 [DE 57], for good cause explained and allow Defendant to file a response to the Complaint [DE 1].

Respectfully submitted on August 27, 2024.

/s/ Jianyin Liu
Jianyin Liu, Esq.
FBN: 1007675
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C,
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

## CERTIFICATE OF GOOD-FAITH CONFERRAL

I HEREBY CERTIFY that I have conferred with the opposing party for this issue and the opposing party on August 27, 2024. I called the office and cell phone numbers of Andrew Palmer, Esq., which is listed on Florida Bar profile of Andrew B. Palmer for several times, to no avail. I wrote to Mr. Palmer and his assistant and explained that I need to catch a flight this afternoon around three o'clock and wished to receive the reply before one o'clock. Since I will not be able to check the email for two days approximately given it is an international flight, I filed this motion and will continue to seek opposing party's opinions on this motion. I filed a similar motion on August 24, 2024 and conferred with the opposing party on August 23, 2024, with their opinion that they had not decided yet. If they objected, they would file an objection after the motion was filed.

/s/ Jianyin Liu

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent to all parties via CM/ECF on August 27, 2024.

/s/ Jianyin Liu