UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60863-CIV-AHS

Zemiao Chen

        *Plaintiff*,

   v.

The Individuals, Partnerships and
Unincorporated Associations Identified on
Schedule A,

        *Defendants*.
_____ /

## ANSWER TO COUNTERCLAIM

Plaintiff Zemiao Chen (Plaintiff), by and through undersigned counsel, by and through its undersigned counsel, hereby files its Answer to the Counterclaim filed by Defendants Amidaky, CandyFouse-Noyo, codree, Cieovo, EUBUY, HFXXAD, Hiparty Mall, ILMLYTAL, JingDan, Kiddisie, LAVENSA, NUEDOT, OKGD, Rainmae, Runyao, staring, Toosunny, whasme, xindibusiness, Chamthou, Daosenwang, Duoyaguoo, Haankong, Hovsiner, MiuoZI, Tininmug, Wayuen, Xianewqia, Yragrant, and Zeonhrain (collectively "Counter-Plaintiffs")this case, and states as follows:

## JURISDICTION AND VENUE

1. This Counterclaim is filed pursuant to Fed. Civ. P. Rule 13. Counterclaim and Crossclaim (a) and/or (b), as it is against the Plaintiff/Counter-Defendant in the instant case. Answer: Admits.
   **Answer:** Admits.

2. Also, this Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1338(a), which grants district courts original jurisdiction over all civil actions arising under any Act of Congress relating to patents.

1

**Answer:** Admits.

3. This Court has supplemental jurisdiction under 28 U.S. Code § 1367 for the negligence claim.

    **Answer:** Denies.

## PARTIES

4. Counter-Plaintiffs are the owners of stores on e-commerce platforms.

    **Answer:** Admits.

5. Counter-Defendant, is a Chinese residing in Shenzhen, China.

    **Answer:** Admits.

## LEGAL GROUND

5. Counter-Plaintiffs file this counterclaim against Counter-Defendant pursuant to 35 U.S.C. §§ 102 and. 103.

    **Answer:** Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 5 of the Counterclaim and demands strict proof thereof.

## FACTUAL GROUND

6. The allegedly patented products were on public sales more than one year prior to the application of the patents at issue.

    **Answer:** Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 6 of the Counterclaim and demands strict proof thereof.

7. US Patent No. D1,019,124 S ("'124 Patent" hereafter) is invalid as it is barred by on-sale more than one year prior to the application date of the '124 Patent.

    **Answer:** Denies

8. The application date of '124 Patent is Jul. 7, 2021.

    **Answer:** Admits

9. For example, Tenrai an Amazon store, sold the same product on Amazon in 2019. See Tenrai Product, https://www.amazon.com/Tenrai-Zippered-Prevents-Capacity-Pressure/dp/B07V2QKH6W, last visited August 6, 2024.

   **Answer:** Denied. The products are distinct and do not share the same design or features as claimed by the Counter-Plaintiffs. Plaintiff/Counter-Defendant demands strict proof thereof.

10. There are a few other prior arts prior arts, such as Frienda Bag marketed as a Kids Beach Bag that was sold on April 9, 2021; a Seashell Bag for boys and girls sold on February 28, 2020; and a Beach Shell Bag sold by Muyizi since at least April 20, 2021.

    **Answer:** Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 10 of the Counterclaim and demands strict proof thereof.

### COUNT I - DECLARATORY JUDGMENT OF PATENT INVALIDITY OF '124 PATENT BARRED BY ON-SALE

11. Counter-Plaintiffs hereby incorporate ¶¶ 1-10 to this Count, as if they are re-stated herein.

    **Answer:** Plaintiff/Counter-Defendant incorporates its responses to Paragraphs 1-10 as if fully set forth herein.

12. The allegedly patented products were on public sales more than one year prior to the application of the patents at issue.

    **Answer:** Denies.

13. US Patent No. D1,019,124 S ("'124 Patent" hereafter) is invalid as it is barred by on-sale more than one year prior to the application date of the '124 Patent.

    **Answer:** Denies.

14. The application date of '124 Patent is Jul. 7, 2021.

    **Answer:** Admits.

15. For example, Tenrai, an Amazon store, sold the same product on Amazon in 2019. See Tenrai Product, https://www.amazon.com/Tenrai-Zippered-Prevents-Capacity-Pressure/dp/B07V2QKH6W, last visited August 6, 2024.

    **Answer:** Denied. The products are distinct and do not share the same design or features as claimed by the Counter-Plaintiffs. Plaintiff/Counter-Defendant demands strict proof thereof.

16. There are a few other prior arts, such as Frienda Bag marketed as a Kids Beach Bag that was sold on April 9, 2021; a Seashell Bag for boys and girls sold on February 28, 2020; and a Beach Shell Bag sold by Muyizi since at least April 20, 2021. See (DE [30-1] ¶¶ 5-7).

    **Answer:** Denied. Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 16 of the Counterclaim and demands strict proof thereof.

17. For the foregoing reasons, Counter-Plaintiffs request that this Court enter a judgment declaring that the '124 Patent is invalid and unenforceable.

    **Answer:** Denies.

## COUNT II - DECLARATORY JUDGMENT OF PATENT INVALIDITY OF '124- LACK OF NOVELTY

18. Counter-Plaintiffs incorporate ¶¶ 1-10 to this Count, as if they are re-stated herein.

    **Answer:** Plaintiff/Counter-Defendant incorporates its responses to Paragraphs 1-10 as if fully set forth herein.

19. '124 Patent lacks novelty because there are a few other prior arts, such as Frienda Bag marketed as a Kids Beach Bag that was sold on April 9, 2021; a Seashell Bag for boys and girls sold on February 28, 2020; and a Beach Shell Bag sold by Muyizi since at least April 20, 2021, which are almost identical, or similar to the design of '124 Patent.

    **Answer:** Denies. Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 19 of the Counterclaim and demands strict proof thereof.

20. There are no new patentable claims or the change/modification was obvious to persons with ordinary skills added to '124 Patent.

    **Answer:** Denies.

21. Thus, it should not be enforceable for lack of novelty.

    **Answer:** Denies.

22. For the foregoing reasons, Counter-Plaintiffs request that this Court enter a judgment declaring that the '124 Patent is invalid and unenforceable.

    **Answer:** Denies.

## COUNT III – NEGLIGENCE

23. Counter-Plaintiffs incorporated ¶¶ 1-10 to this Count, as if they are re-stated herein.

    **Answer:** Plaintiff/Counter-Defendant incorporates its responses to Paragraphs 1-10 as if fully set forth herein.

24. Counter-Defendant had an obligation to check the validity of its patents before filing a suit against Counter-Plaintiffs in this Court.

    **Answer:** Admits.

25. However, Counter-Defendant failed to fulfill their duty to check prior sales, prior publications and the prior arts already registered as patent in USPTO and sued Counter-Plaintiffs.

    **Answer:** Denies.

26. But for Counter-Defendant's reckless behaviors, Counter-Plaintiffs' funds in the online stores in the online platforms would not have been temporarily frozen due to Counter-Defendant's reckless behavior of filing a motion for temporary restraining order (TRO).

    **Answer:** Denies.

27. It is foreseeable that if Counter-Defendant filed a lawsuit, it would seek a TRO that would freeze the funds of the stored of Counter-Plaintiffs, which would stop the listing of the products and the withdrawal of the funds held by the platforms, which most likely the Court would grant it as an ex parte motion.

    **Answer:** Denies.

28. Counter-Plaintiffs suffered a damage of suspended sales, frozen funds, disruption of operations of the stores on the online platforms.

    **Answer:** Denies.

## COUNT IV - TORTIOUS INTERFERENCE

29. Counter-Plaintiffs incorporated ¶¶ 1-10 to this Count, as if they are re-stated herein.

    **Answer:** Plaintiff/Counter-Defendant incorporates its responses to Paragraphs 1-10 as if fully set forth herein.

30. For all the Counter-Plaintiffs, they had an existing valid contract (the "Contract") with the online platforms such as Amazon.com to sell their products online.

    **Answer:** Denies. Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 30 of the Counterclaim and demands strict proof thereof.

31. Counter-Defendant knew such relationship before filing the instant case.

    **Answer:** Denies. Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 30 of the Counterclaim and demands strict proof thereof.

32. However, without justifiable ground, Counter-Defendant filed the instant case against all Counter-Plaintiffs, deliberately interfering the contractual relationship between Counter-Plaintiffs and the online platforms such as amazon.com.

    **Answer:** Denies.

33. The lawsuit was based on the '124 patent that has no strong bearing with the products of Counter-Plaintiffs.

    **Answer:** Denies.

34. Its caused Counter-Plaintiffs to breach the Contract that mandated no to sell any counterfeits on the online platforms.

    **Answer:** Denies. Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 34 of the Counterclaim and demands strict proof thereof.

35. In fact, Counter-Plaintiffs did not sell any counterfeits as was falsely alleged by Counter-Defendant.

    **Answer:** Denies.

36. Counter-Defendant made such false allegations and brought this cause of action in bad faith against Counter-Plaintiffs.

    **Answer:** Denies.

37. Counter-Plaintiff thus suffered economic harm as much as more than three millions US dollars in aggregate, as estimated as of today, due to the freezing of the funds and the product listings on the online platforms.

    **Answer:** Denies. Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 37 of the Counterclaim and demands strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

Counterclaim-Plaintiff fails to state a claim upon which relief may be granted. Among other reasons, as to Counterclaim-Plaintiff's counterclaim for invalidity of the patent-in-suit, Counterclaim-Plaintiff fails to allege facts sufficient to state a plausible claim that the cited prior

art discloses the design as claimed in the patent-in-suit, or otherwise anticipates or makes obvious the claimed design.

Among other reasons, Counterclaim-Plaintiff's counterclaim for tortious interference is preempted by patent law and lacks factual support.

Dated August 30, 2024.　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Andrew J. Palmer
　　　　　　　　　　　　　　　　　　　Andrew J. Palmer
　　　　　　　　　　　　　　　　　　　Palmer Law Group
　　　　　　　　　　　　　　　　　　　5353 N. Federal Highway, Suite 402
　　　　　　　　　　　　　　　　　　　Fort Lauderdale, FL 33065
　　　　　　　　　　　　　　　　　　　954-491-1997 (facsimile)
　　　　　　　　　　　　　　　　　　　ajpalmer@palmerlawgroup.com
　　　　　　　　　　　　　　　　　　　***Attorney for Plaintiff***