UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60863-CIV-SINGHAL

ZEMIAO CHEN

   **Plaintiff,**

v.

THE INDIVIDUALS, BUSINESS ENTITIES AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

   **Defendants**
_____/

### MOTION TO SET ASIDE CLERK'S DEFAULT (DE 56 and DE 57) AND MEMORANDUM IN SUPPORT

Defendants, Mototo US (Defendant No. 88), Shasha Music (Defendant No. 114), tankongxi (Defendant No. 126) and Zhaoyao Mall (Defendant No. 162), in Schedule "A" in the above-styled cause, by and through undersigned counsel, hereby moves, under Rule 55(c), Federal Rules of Civil Procedure, for an order setting aside Clerk's Default and as good cause therefore states:

1. Defendants were *purportedly* served on July 29, 2024.  See DE 16.

2. All of undersigned counsel's clients have their principal offices in Mainland China (PRC).

3. Upon hearing about this lawsuit, the above-listed Defendants immediately sought counsel in the U.S. to defend this action. That process took a couple of weeks (especially with the 12-hour time difference, exchange of information and retainers). Defendants have now retained undersigned counsel to defend them in the above-styled cause.

4. On August 23, 2024, Plaintiffs filed its Motions for Clerk's Entry of Default. See

De 54 and DE 55.

5. On August 24, 2024, the Clerk entered Default against Defendants. See DE 56 and DE 57.

6. On September 3, 2024, undersigned appeared this case and immediately contacted Plaintiff's counsel regarding this motion pursuant to Local Rule 7.1. Undersigned again contacted Plaintiff's counsel today, September 9, 2024, and was told:



7. ***There is apparently no articulable prejudice to the Plaintiff***. Undersigned counsel requires an additional twenty (20) days in order to file a response to Plaintiff's Complaint (DE 1) on behalf of their clients.

## MEMORANDUM

Rule 55(c) of the Federal Rules of Civil Procedure provides the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a

2

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

"strong policy of determining cases on their merits and [ ] therefore view[s] defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In considering whether to set aside a clerk's entry of default, "[c]ourts have considered [1] whether the default was culpable or willful, [2] whether setting it aside would prejudice the adversary, and [3] whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951; *see also S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (considering "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary[;] (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default") (internal quotations and citations omitted). "To obtain relief under Rule 55(c), the movant must only make a 'bare minimum showing' to support its claim for relief." *Baker v. Warner/Chappell Music, Inc.*, No. 14-cv-22403, 2015 WL 1534522, at *3 (S.D. Fla. Apr. 6, 2015) (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)). See *Pure Fresh, LLC v. Liaison Can./U.S. Logistics (USA) Corp.,* No. 19-CV-60079, 2019 WL 1921991, at *1 (S.D. Fla. Apr. 30, 2019). There are clearly joinder and other jurisdictional issues in this case and meritorious defenses pled by other similarly situated defendants that apply to the instance defendants.

## **LOCAL RULE 7.1(a)(3) CERTIFICATE**

As stated above, counsel for the above-listed Defendants has conferred with counsel for Plaintiff regarding the relief requested herein, and counsel for Plaintiff has indicated that Plaintiff opposes the relief requested.

**WHEREFORE**, Defendants, Mototo US (Defendant No. 88), Shasha Music (Defendant No. 114), Yucang Direct Store (Defendant No. 158) and Zhaoyao Mall (No. 162), respectfully

3

request entry of an Order setting aside the Clerk's Default and allowing Defendants an additional twenty (20) days to respond to Plaintiff's Complaint (DE 1).

                 Respectfully submitted:

**REINER & REINER, P.A.**
*Counsel for Defendants*
9100 South Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Phone: (305) 670-8282; Facsimile: (305) 670-8989
*dpr@reinerslaw.com; eservice@reinerslaw.com*

By: _____
**DAVID P. REINER, II**; FBN 416400

## **CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY that on* **September 9, 2024**, *I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

By: _____
**DAVID P. REINER, II**; FBN 416400

5

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989