UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60863-CIV-AHS

Zemiao Chen
        *Plaintiff*,

   v.

The Individuals, Partnerships and
Unincorporated Associations Identified on
Schedule A,

        *Defendants*.
_____/

**RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO VACATE DEFAULT**

Plaintiff, Zemiao Chen ("Plaintiff"), by and through its undersigned counsel, and pursuant to Local Rule 7.1, hereby files his response to Defendant QidouTrading's("Defendant") Motion to Set Aside Clerk's Entry of Default [DE 64], For the reasons stated below, the Court should deny Defendants' motion.

**I.   BACKGROUND**

A brief timeline demonstrates that Defendant's failure to respond to this lawsuit was not just mere "excusable neglect" but was instead willful conduct that warranted the entry of default. Plaintiff filed his complaint against Defendant and others on May 21, 2024 for infringing his design patent (USD1,019,124S) (the "Patent") [DE 1]. Defendant was served properly on July 29, 2024. [DE 16]. Defendant's answer/response to the lawsuit was due August 19, 2024. (*Id.*) Defendant did not respond to the lawsuit, despite having attorney. Nor did Defendant move for an extension of time to respond to the lawsuit. Therefore, on August 23, 2024, Plaintiff filed a Motion for

1

Clerk's Entry of Default. [DE 54]. The Clerk's Entry of Default was filed on the same day [DE 56].

Defendants had notice of this lawsuit on July 19, 2024 but disregarded Plaintiff's Complaint, the Federal Rules of Civil Procedure, this Court's Local Rules, and the deadline for filing a responsive pleading.

## II.    LEGAL AUTHORITIES AND ANALYSIS

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside a clerk's entry of default upon a showing of "good cause" by the defendant. Fed. R .Civ. P. 55(c). It is the defendant's burden to establish good cause. *Sherrard v. Macy's Sys. and Tech. Inc*., 724 Fed. App'x 736, 738 (11th Cir. 2018). "The good cause standard is highly discretionary and fact-specific." *Qualink, Inc. v. C.P. Motion, Inc*., 2009 U.S. Dist. LEXIS 138944, at 4 (S.D. Fla. Sept. 21, 2009). The Eleventh Circuit has provided the following guidance for determining whether good cause exists to set aside a clerk's entry of default:

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance. We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default.

*Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir.1996). These are factors courts may consider, but are neither limited to nor are they required. *Id.*

"When 'a litigant has been given ample opportunity to comply with the [federal rules and] court orders but fails to effect any compliance, the result may be deemed willful.'" *SEC v. Johnson*, 436 Fed. App'x 939, 945 (11th Cir. 2011) (citation omitted). In considering whether a party's default is willful and culpable, courts consider how quickly a defendant acts to remedy the default upon learning of its failure to timely respond to the complaint. See *Annon Consulting, Inc. v. Bionitrogen Holdings, Corp*. 650 Fed. App'x 729, 731 (11th Cir. 2016).

In *Annon Consulting, Inc. v. Bionitrogen Holdings*, Corp., the defendants knew of the complaint but did not file an answer because the parties were engaged in settlement negotiations. When negotiations failed, the clerk's default was entered against the defendants. The Eleventh Circuit affirmed the district court's denial of the motion to set aside the clerk's default, stating in part: "Because Defendants knew of [the plaintiff's] complaint and of the clerk's initial entry of default and still failed to file a responsive pleading, the default can be deemed willful." *Annon v. Bionitrogen* at 732.

The same situation and analysis apply here. In this case, Defendant does not argue they did not receive proper notice of the lawsuit. See *Qualink, Inc. v. C.P. Motion, Inc*. at 4 (upholding entry of default and default judgment where defendants had an "internal breakdown in communication" and had notice of the action for over fifty days before the default was entered). Defendant "did not understand the proceeding of the federal court" is not only unlikely, it does not absolve them of their responsibility to comply with the rules of this Court. [DE 64 at 3]. In fact, Defendant was represented by attorney as early as August 31, 2024, who reached out to Plaintiffs to initiate settlement discussions.

Defendant has offered no reason for their failure to respond to this lawsuit. Defendants should not be entitled to effectively halt judicial proceedings by purporting to settle a case.

Settlement negotiations occur in most cases throughout the course of litigation. This does not mean the parties are permitted to disregard the rules of the court. Once a litigant is involved in the federal judicial process, it must comply with the Court's rules – and any licensed attorney knows this. Defendant's complete failure to respond to this lawsuit allows them to continue infringing Plaintiff's patent and causes Plaintiff to continue to incur losses and damages.

Defendant's argument that Plaintiff will not suffer prejudice because the case is still in its early stages is an argument of their own making. Had Defendant filed a timely response to Plaintiffs' complaint, this case would have progressed past the "early stage." The facts demonstrate a willfulness to disregard the Court's rules and procedures and warrant upholding the clerk's entry of default.

The Defendant avoids addressing their own misconduct and attempts to litigate the merits of Plaintiff's case. They contend that their case "shows a hint of a suggestion that its case has merit," including claims of invalidity [DE 64 at 5]. However, the Tenrai product, which Defendant's counsel cited multiple times as prior art to invalidate Plaintiff's patent, does not accurately match the descriptions or images displayed on the store page [35-3]. Defendant also cited several other products to invalidate the patent but failed to provide any pictures of those products. Any suggestion that Defendant has presented meritorious defenses is baseless, as there is no pleading on file and no legally admissible evidence for the court to consider.

### III.   CONCLUSION

For the reasons stated herein, Defendant has not met their burden of demonstrating good cause to set aside the clerk's default judgment.

Date:  09/10/024                                              By:/s/ Andrew J. Palmer
                                                                              Andrew J. Palmer
                                                                              Attorney for Plaintiff