UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-60863-CIV-AHS

Zemiao Chen.,

Plaintiff,
v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
MOTION TO SEVER**

Defendant, BeiquduoTechnology, ("Defendant") by and through its counsel undersigned, hereby replies to the Response in Opposition to Defendant's Motion to Vacate [DE 80] (the "Response") and states as follows:

**I. REPLY YO BACKGROUND.**

Schedule A lawsuits are very different from all regular ones, with alternative service by email or website publishing as permitted method to serve summons and other court documents. Defendant most often was caught off guard, especially in the instant case, Defendant is residing in China, with no knowledge of the transpiration of the litigation of the instant case, let alone the knowledge of federal civil procedures.

Plaintiff's assertion that Defendant disregarded the notice on July 19, 2024 is arbitrary.

**II. REPLY YO LEGAL AUTHORITY AND ANALYSIS.**

As mentioned above in the Reply to Background, with alternative service by email, with Defendant's residence in China and language barrier, and with Defendant's lack of understanding number of the days to respond to the complaint and court procedures,[1] Defendant's quick response to the entry of the default indicates that Defendant took quick action to "remedy the default upon learning of its failure to respond to the complaint." See *Annnon Consulting, Inc. v. Bionitrogen Holdings, Corp.* 650 Fed. App'x 729, 731 (11th Cir. 2016), as cited by Plaintiff in his Response. See the Response, ECF No. 80, p. 3, ¶ 1. Meanwhile, Defendant's quick response to the entry of the default also indicates that Defendant carried an active attitude toward the litigation to remedy its negligence.

Once again, Plaintiff's assertion of Defendant's willful disregard of Court's rules, is arbitrary and without factual support.

As to meritorious defense, Plaintiff failed in his argument in the Motion for Preliminary Injunction [DE 6][2] with the same ground of likely success on merit, and the argument presented in the Motion to Vacate is the same as or similar to that presented in other defendants's response to the Motion for Preliminary Injunction, for example, Response to Motion for Preliminary Injunction [DE 34], with the lesser degree of requirement of "a hint of a suggestion that its case has merit" in vacating a default, in comparison to the higher standard of substantial questions raised into the validity and infringement of the intellectual property as required by the entry of preliminary injunction in this Court, apparently, the argument of invalidity and non-infringement

---

[1] *See* the Motion to Vacate, ECF No. 61, p. 3, ¶ 2, "Defendant did not understand the proceed- ing of the federal court…."

[2] Note: the Motion for preliminary Injunction was denied by this Court with the Order [DE 42].

presented in the Motion to Vacate [DE 53] suffices for the standard of a hint of suggestion of meritorious defense in vacating a default.

**WHEREFORE**, Defendant, BeiquduoTechnology, by and through its counsel undersigned, hereby requests that this Court grant the Motion to Vacate [DE 61].

Dated: Sept. 11, 2024

Respectfully submitted,

/s/ Jianyin Liu
FBN: 1007675
Jianyin Liu, Esq.
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com
Counsel for

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent to all parties via CM/ECF on Sept. 11, 2024.

/s/ Jianyin Liu