UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-60863-CIV-SINGHAL

ZEMIAO CHEN,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A.

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants'[1] Joint Motion to Sever Improperly Joined Parties (the "Motion") (DE [53]), filed on August 22, 2024. Plaintiff Zemiao Chen ("Plaintiff" or "Chen") filed his Response in Opposition to Defendants' Joint Motion to Sever Improperly Joined Parties (the "Response") (DE [71]) on September 5, 2024. Defendants rebutted with their Reply to Plaintiff's Response to Motion to Sever (the "Reply") (DE [86]) on September 12, 2024. As such, the Motion is ripe for review. The Court has considered the Motion and is otherwise fully advised in the premises.

---

[1] In this Order, "Defendants" refers to: (i) Shenzhen Seven Stars Education Technology Co. Ltd., d/b/a P&C-Direct; (ii) Sheusualgirl, LyNeng, Qizeeey, Strassiwo, Dayilier, Fanouerr, Youchencei, and Woowan Auce (the "Heitner Defendants," collectively); (iii) Amidaky, CandyFouse-Noyo, codree, Cieovo, EUBUY, HFXXAD, Hiparty Mall, ILMLYTAL, JingDan, Kiddisie, LAVENSA, NUEDOT, OKGD, Rainmae, Runyao, staring, Toosunny, whasme, xindibusiness, Chamthou, Daosenwang, Duoyaguoo, Haankong, Hovsiner, MiuoZI, Tininmug, Wayuen, Xianewqia, Yragrant, and Zeonhra (the "Liu Defendants," collectively); and (iv) avla; BSRESIN; BABORUI; Cadeya; Vodolo; UTTPLL; TAIWANBED; Kablekt; Shenzhenshi zhuochengjiajuyouxiangongsi; MUYIZI Direct; U-Zimikee Direct; Toidgy; YEGEER; MCPINKY; AMOR PRESENT; FUTUREPLUX; SHINDEL; Mackerel Bead; Nynicorny; Hokoad US; YINUOTIYU; HUGCATY-US; Aircord; Penta angel; BMWH; Lanathel; SBKJ; and Seebeach Store (the "Wang Defendants, collectively"). The Heitner, Liu, and Wang categories for Defendants were proffered in Defendants' Motion and have not been altered in any way.

INTRODUCTION

This case represents one of many attempts by trademark owners to protect their federally registered trademarks from unauthorized and illegal use by (primarily) foreign entities who sell counterfeit products through various Internet based e-commerce stores and websites.  According to Mr. Chen, he sells bags that "embody and practice" U.S. Patent No. D1,019,124 ("the '124 Patent").  (DE [1] at ¶¶ 7, 12).  He alleges that the Defendants "offer for sale the same infringing product under different brand names and color schemes."  *Id.* at ¶ 9.  Mr. Chen describes Defendants as "an interrelated group of infringers working in active concert to willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patent in the same transaction, occurrence, or series of transactions or occurrences."  *Id.* at ¶ 14.  There are more than 100 Defendants remaining in this action.

LEGAL STANDARDS

Under Fed. R. Civ. P. 20, multiple defendants may be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(b)(2). Rule 21, on the other hand, permits the court "[o]n motion or on its own, at any time, on just terms [to] drop or add a party." Fed. R. Civ. P. 21.  In addition, 35 U.S.C. § 299(a) lays out conditions in which parties that are accused infringers can be joined in one action as defendants: (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the

making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action. 35 U.S.C. § 299(a).

Joinder of defendants who are not jointly or severally liable can be made only for claims for relief "with respect to or arising out of the same transaction, occurrence or series of transactions and occurrences" and when there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(b)(2). With respect to the internet as a medium, the court in *Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A", 334 F.R.D. 511, 516 (N.D. Ill. 2020)* detailed:

> The internet frequently produces occurrences that can be described as cooperative but not transactional or intentionally coordinated. Individual actions which alone may have minimal impact on society or the economy can have a substantial impact through aggregation that is only possible through the internet. Individuals on the internet can openly reach billions of people with a single click of a mouse, while at the same time hiding their identities, frustrating law enforcement. As a result, an "occurrence" of mass harm easily can be inflicted even if there is no express "transactional" coordination among the attackers.
>
> Rule 20's inclusion of the term "occurrence" should allow plaintiffs to join in a single case the defendants who participate in such unlawful occurrences, despite the lack of a "transactional link." The kind of harmful occurrences the internet enables—including mass foreign counterfeiting—were inconceivable when Rule 20 was drafted. But the Rule's inclusion of the term "occurrence" suggests that joinder is appropriate in cases alleging harm that is not strictly "transactional."

But as this Court sees it, the *Bose Corp.* court misapplied the definition of "occurrence" as used in Rule 20(b)(2).

In interpreting any written code, the court must "determine the ordinary public meaning" of the term at issue at the time the statute was enacted. *Bostock v. Clayton*

3

*County,* 590 U.S. 644 654 (2020). According to merriam-webster.com, an "occurrence" is "something that occurs," such as lightening or "the action or fact of happening or occurring," such as "the repeated occurrence of petty theft in the locker room."[2] The term "occur" means: "1. to be found or met with: APPEAR; 2. to come into existence: HAPPEN; or 3. to come to mind."[3] Black's Law Dictionary provides a far superior definition of "occurrence" as "[s]omething that happens or takes place; specif., an accident, event, or continuing condition that results in personal injury or property damage that is neither expected nor intended from the standpoint of an insured party." Garner, Black's Law Dictionary (12th Ed. 2024).

The *Bose Corp.* court acknowledged that mass foreign counterfeiting was "inconceivable" when Rule 20 was drafted but, nevertheless, the court recognized mass counterfeiting by different defendants as an "occurrence" that would support joinder. The court defined the *harm* caused to the Plaintiff as the "occurrence" that supports joinder. This conclusion expands the definition of "occurrence" beyond its ordinary public meaning. The occurrence … the "action" or "thing that happened" … from which a trademark claim arises is the alleged counterfeiting and unauthorized use of trademarked material, not the harm caused to the trademark holder.

A "mass harm" caused by separate defendants, without more, is not an "occurrence." *Omega, SA v. Individuals, Bus. Entities & Unincorporated Associations Identified on Schedule "A",* 650 F. Supp. 3d 1349, 1353 (S.D. Fla. 2023) ("[S]imply committing the same type of violation in the same way does not link defendants together

---

[2] https://www.merriam-webster.com/dictionary/occurrence (accessed 11/20/2024). The Court would note that a dictionary defining a word by repeatedly using the word to be defined in its own definition, doesn't really help the reader very much.
[3] https://www.merriam-webster.com/dictionary/occur (accessed 11/20/2024).

4

for purposes of joinder."). For an occurrence to exist, the defendants' actions must be "logically related" to each other. *Peleg Design Ltd. v. Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule "A" to the Complaint,* 2024 WL 1759139, at *1 (S.D. Fla. Apr. 24, 2024) (citing *Alexander v. Fulton Cnty., Ga.,* 207 F.3d 1303, 1323 (11th Cir. 2000) *overruled on other grounds Manders v. Lee,* 338 F.3d 1304 (11th Cir. 2003)) (joinder not permitted where defendants' actions were not "logically related" to each other); *Purple Innovation, LLC v. The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule "A"*, 2024 WL 4652095, at *8 (S.D. Fla. Oct. 22, 2024) *report and recommendation adopted,* 2024 WL 4652096 (S.D. Fla. Nov. 1, 2024) (dismissing complaint for improper joinder where allegations did not show how defendants' alleged infringements were "logically related").

By contrast, if a group of defendants work in concert to infringe a trademark, their separate actions can be recognized as a series of occurrences, and they may permissibly be joined as defendants. *See Viahart, L.L.C. v. GangPeng,* 2022 WL 445161, at *3-4 (5th Cir. Feb. 14, 2022) (joinder permissible where complaint alleged defendants worked together "as an interrelated group"). The pleadings must, however, allege some facts from which the court can conclude the defendants are acting in concert. *See Peleg Design Ltd.,* 2024 WL 1759139, at *2 (joinder improper where plaintiff failed to show how similar storefronts or using same approach for infringement established that infringements were logically related).

5

DISCUSSION

Here, Defendants contend that Plaintiff's attempt to join Defendants in this case is improper under both Fed. R. Civ. P. 21 and 35 U.S.C. § 299(a).  (DE [53] at p. 3).  More specifically, Defendants insist there is no "'logical relationship'" between the joined Defendants based on the plain language of the allegations in the Complaint.  *Id.* at p. 5.  Though Plaintiff had alleged a connection on the basis that Defendants offer the same infringing product under different brand names and color schemes, the Defendants maintain that this is not sufficient under Federal Circuit precedent and, in any case, the products "are *not* the same."  *Id.* at p. 6.  Nor would similarities in product images and specifications, advertisements, or design elements be enough for joinder to be proper, according to Defendants.  *Id.* at p. 8.  Further, Defendants reject the notion that they are an interrelated group working together in any way, stating Plaintiff has not provided any facts to support this allegation.  *Id.* at p. 7.

In response, Plaintiff pushes back on Defendants' arguments—and the authority cited in Defendants' Motion—by arguing Defendants are likely interrelated and that the products "still closely resemble the patented design."  (DE [71] at p. 7).  Plaintiff situates many Defendants as "clustered in Guangdong province, which is known for its tightly integrated industrial ecosystem where companies often share suppliers, factories, and logistical networks."  *Id.* at p. 4.  In addition, Plaintiff hones in on the "use of multiple fictitious identities" and similar marketing imagery of children playing near water or at the beach.  *Id.* at p. 4-5.  But the Court does not find these arguments convincing.  As a threshold consideration, the purported "sameness of the accused products or processes is not sufficient" for joinder.  *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012).

6

Other factual considerations include ". . . the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants, overlap of the products' or processes' development and manufacture. . ." *Id.* at 1359-1360.  But Plaintiff falls short in trying to establish any sort of relationship between the Defendants.

For one, the Court is thoroughly unpersuaded by Plaintiff's geography-based argument about many Defendants' supposed location in Guangdong, given the sheer size and population of the province and the scale of its economic output.  Plaintiff does not provide adequate allegations that the companies, for instance, share suppliers, factories, or logistical networks—just broad, generalized inferences about the economy and businesses in Guangdong.  This is not sufficient to establish that Defendants' alleged infringement arises from the same "transaction, occurrence, or series of transactions or occurrences."  35 U.S.C. § 299(a).

Second, Plaintiff's innuendo about Defendants' advertising or use of fictious identities is not enough for this Court to conclude the Defendants' activities are logically related.  Similarities in infringements, advertising, and/or marketing strategies, without more, do not show that the Defendants' alleged infringement arises from the same series of transactions or occurrences as required by Rule 20(b)(2). *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) ("Simply committing the same type of violation in the same way does not link defendants together for purposes of joinder."). It would be perfectly logical that a defendant that sells infringing products without qualms would also have no issue stealing another marketing approach.  And "simply committing the same type of violation in the same way does not link defendants together for the purposes of

joinder." *Omega v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified*, 650 F. Supp. 3d 1349 (S.D. Fla. 2023). Thus, considering the facts alleged in Plaintiff's Complaint and Response, the Court cannot conclude that Plaintiff's claims against Defendants are, in fact, based in the same series of transactions or occurrences.

Numerous challenges arise from the trafficking of counterfeit and pirated goods. Through advertising over the internet, infringers can reach an expansive market and cause great harm to both trademark owners and consumers. Notably, in his Response, Plaintiff does not affirmatively discuss the ramifications on judicial economy should the Court find that joinder is not proper. The Court realizes that joinder may streamline the process, especially when there are common issues of law and facts as to the Defendants, but in these circumstances, only Plaintiff would benefit by the misjoinder of multiple Defendants. When unrelated Defendants are joined, the Court must evaluate the evidence against each Defendant and, if the Defendants appear in the action, each Defendant will be required to "wade through evidence pertaining to dozens of potentially unrelated defendants." *Omega, SA,* 650 F. Supp. 3d at 1353.

For these reasons, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Sever Improperly Joined Parties (DE [53]) is **GRANTED**;

2. All remaining Defendants, with the exception of Defendant Number 1 on Schedule "A," Abnaok, are **SEVERED** from this action;

3. Defendant P&C-Direct's Motion to Dismiss (DE [48]) is **DENIED as moot**;

4. All claims against the severed Defendants are **DISMISSED without prejudice** for refiling in separate actions consistent with this Order. Plaintiff can refile

8

actions against Defendants as categorized in this Order.  In addition to the ongoing duty to bring to the attention of the Court the existence of all other actions and proceedings described in Local Rule 3.8 and Internal Operating Procedure 2.15.00 of the U.S. District Court for the Southern District of Florida, <u>Plaintiff must designate any refiled case against any of the severed Defendants</u> as related to this action for purposes of Local Rule 3.8 and Internal Operating Procedure 2.15.00 of the U.S. District Court for the Southern District of Florida;

5. The Clerk of Court is directed to assign <u>any refiled cases against any of the severed Defendants</u> to the undersigned;

6. Plaintiff has until **March 27, 2025** to file an Amended Complaint that conforms to the requirements of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 13th day of March 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF