UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60863-CIV-AHS

Zemiao Chen,
        Plaintiff,

  v.

Abnaok,

        Defendants.    /

**FIRST AMENDED COMPLAINT**

Plaintiff Zemiao Chen, ("*Plaintiff*") hereby brings this design patent infringement action against Abnaok ("*Defendant*").

1. Plaintiff brings this action for willful patent infringement under 35 U.S.C. §271 committed in violation of the Plaintiff's exclusive rights to make, use, offer to sell, or sell Plaintiff's patented invention, within the United States or for importation into the United States any patented invention during the term of the patents-in-suit, and for all the remedies available under 35 U.S.C. §§281, 283, 284, 285, and 289.

2. More specifically, Plaintiff owns all right, title and interest in and to U.S. Patent No. D1,019,124 (the "*D124 Patent*"). A true and correct copy of the D124 Patent is attached hereto as **Exhibit 1**.

3. In its original Complaint, Plaintiff sued 163 separate individuals, partnerships or unincorporated associations associated distinct Amazon Standard Identification Numbers ("*ASINs*").

4. In keeping with the Court's order on March 14, 2025, Plaintiff files this First Amended Complaint with respect to the Defendant.

1

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

6. This Court may properly exercise personal jurisdiction over Defendant. Defendant directly targets business activities toward consumers in the United States, including Florida, through at least the fully interactive, commercial Seller Alias.

7. Defendant is reaching out to do business with Florida residents by operating the Seller Alias through which Florida residents can purchase or could previously purchase products which infringe the D124 Patent (the "*Infringing Products*").

8. Defendant has targeted sales from Florida residents by operating online store that offer shipping to the United States, including Florida, accept payment in U.S. dollars and, on information and belief, has sold Infringing Products to residents of Florida.

9. Defendant is committing tortious acts in Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Florida.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant is Chinese individuals or entities.

## THE PARTIES

11. Plaintiff is a Chinese citizen resides in Shenzhen, China.

12. Upon information and belief, Defendant is an individual or business entity based in China, who own and/or operate one or more e-commerce stores.

13. The Defendant offers for sale or has offered for sale the same infringing products under different brand names and color schemes.

14. Defendant is selling or previously sold the same or virtually identical Infringing Products.

## FACTUAL BACKGROUND

15. Plaintiff sells its own water balls, which embody and practice the Patent.

16. Plaintiff has not granted a license or any other form of permission to Defendant to practice the D124 Patent.

17. Defendant's Patent Infringement includes: (a) direct infringement; (b) indirect infringement; and/or (c) offers to sell infringing products.

18. On information and belief, Defendant is currently selling or has previously sold products which infringe the D124 Patent, for example, in the compiled Amazon listing printouts attached hereto as **Exhibit 2**.

19. More specifically, as discussed below, Defendant currently infringe or has infringed the D124 Patent. The side-by-side image taken below shows a photograph of an Infringing Product sold by Defendant:



| D124 Patent | Photograph of Infringing Product |

## COUNT I

**(Design Patent Infringement)**

20. Plaintiff incorporates by reference Sthe allegations set forth above in this Complaint as if fully set forth herein.

21. Defendant offers for sale, sells, and/or imports into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in the Patent.

22. Defendant has infringed the Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

23. Unless a permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing the Patent, Plaintiff will continue to be irreparably harmed.

24. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    (a) offering for sale, selling, and importing any products not authorized by Plaintiff that embody or practice any reproduction, copy or colorable imitation of the ornamental design claimed in the D124 Patent;

    (b) aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patent; and

    (c) effecting assignments or transfers, forming new entities or associations or

        utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, eBay and Walmart, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Amazon search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    (a) disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods that infringe the Patented Design;

    (b) disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the Patented Design; and

    (c) take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

(3) That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for infringement of the Patent, including and not limited to all of the profits realized by Defendant, or others acting in concert or participation with Defendant, from Defendant's infringement of the Patent.

(4) That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284.

(5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

(6) Any and all other relief that this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Date: March 27, 2025

/s/ Andrew J. Palmer
Andrew J. Palmer
Palmer Law Group
5353 N. Federal Highway, Suite 402
Fort Lauderdale, FL 33065

5

954-491-1997 (facsimile)
ajpalmer@palmerlawgroup.com
***Attorney for Defendant***